[Cite as *Brooklyn v. Perna*, 2012-Ohio-265.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96647

---

## CITY OF BROOKLYN

PLAINTIFF-APPELLEE

vs.

## ROSARIO PERNA, JR.

DEFENDANT-APPELLANT

---

## JUDGMENT:
## VACATED AND DISCHARGED

---

Criminal Appeal from the
Parma Municipal Court
Case No. 10 CRB 04319

**BEFORE:** E. Gallagher, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 26, 2012

**ATTORNEYS FOR APPELLANTS**

Gregory S. Costabile

Phillip J. Henry
Phillips, Mille & Costabile Co., LPA
7530 Lucerne Drive, Suite 200
Middleburg Hts., Ohio    44130

**ATTORNEYS FOR APPELLEE**

Hillary Goldberg
Prosecutor, City of Brooklyn
7619 Memphis Avenue
Cleveland, Ohio    44144

EILEEN A. GALLAGHER, J.:

{¶ 1}  Rosario Perna appeals from the decision of the trial court, finding him guilty of one count of domestic violence.  Perna argues that the trial court's decision was not supported by sufficient evidence.  Finding merit to this appeal, we reverse the judgment of the trial court and vacate Perna's conviction and sentence.

{¶ 2}  On September 25, 2011, Perna spent the day with his 13-year old daughter, J.P., and her friend, K.C.[1]  Perna, the non-custodial parent of J.P., took his daughter and her friend to Ridge Park Square for lunch and shopping.  Perna also took the girls to rent movies for a sleepover at Perna's house that evening, which was planned only after J.P.'s mother refused her request to have K.C. sleep over at the mother's house.  This day was

---

[1]The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.

not a scheduled parenting day for Perna but J.P. asked her mother if she could spend the day with her father and all parties agreed.

{¶ 3} Prior to sleeping over at her father's, J.P. indicated her need to go home to pick up clothing. Upon arriving at her residence, J.P. asked Perna and her friend to wait outside, as she would only need about five minutes to grab her clothing. Perna ignored his daughter and both he and K.C. walked into the apartment and waited for J.P. Perna turned on the television and laid down on the couch while he waited for J.P.

{¶ 4} While he was on the couch, J.P. told her father to turn off the television. Perna told his daughter not to speak to him in that manner and the two began to argue. J.P. testified as follows:

> Like some parts I remember on what happened and some parts I don't.
>
> \*\*\*
>
> I remember him throwing me on the couch telling me to be quiet because I was screaming.
>
> \*\*\*
>
> Because I was scared and I wanted him to leave. Tr. 33-34.

{¶ 5} Perna then picked up a laptop computer, which he had purchased for J.P. and left the apartment. Once outside, Perna called J.P.'s mother, Glenda Wilder, and told her what happened and asked that she come home. After determining that Glenda would come home to take care of J.P. and her friend, Perna left.

{¶ 6} Glenda arrived home shortly after Perna departed. She testified that her

daughter was crying and complaining of pain in her upper right arm. Glenda took J.P. to Fairview Hospital where she was treated and released that same day for a soft-tissue injury. Because J.P.'s injury allegedly occurred at the hands of a family member, hospital staff called the police and, a short time later, Officer Adam McQuaid arrived to take statements.

{¶ 7} On September 27, 2010, Perna was charged in Parma Municipal Court with one count of domestic violence in violation of R.C. 2919.25(A). Perna pleaded not guilty and the case proceeded to a bench trial. The city presented the testimony of Officer McQuaid, Glenda, J.P., and K.C. At the close of the city's case, Perna moved for a judgment of acquittal, which the trial court denied. The defense presented no witnesses but argued to the court in closing that Perna was merely disciplining his out-of-control teenager daughter and that his actions did not rise to the level of domestic violence. The trial court disagreed, and found Perna guilty of domestic violence as charged.

{¶ 8} The court sentenced Perna to serve 180 days in jail, suspended 85 of those days and deferred 90 days; fined Perna $1,000, of which $750 was suspended and placed him under probation supervision for three years.

{¶ 9} Perna appeals, raising the following two assignments of error:

I. The evidence is insufficient to sustain the conviction of domestic violence.

II. The trial court abused its discretion by denying Appellant's motion for acquittal.

{¶ 10} Because Perna's two assignments of error involve the same standard of review, they will be addressed contemporaneously.

{¶ 11} The standard of review with regard to the sufficiency of the evidence is set forth in *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), as follows:

> Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.

{¶ 12} *Bridgeman* must be interpreted in light of the sufficiency test outlined in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, in which the Ohio Supreme Court held:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Citation omitted.)

{¶ 13} The court found Perna guilty of domestic violence, which pursuant to R.C. 2919.25(A), provides as follows:

> No person shall knowingly cause or attempt to cause harm to a family or household member.

{¶ 14} Physical harm is defined by R.C. 2901.01 as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶ 15} The Ohio Supreme Court has recognized that the domestic violence statute

does not prevent "proper and reasonable parental discipline" of a child. *See State v. Suchomski*, 58 Ohio St.3d 74, 75, 567 N.E.2d 1304 (1991); *State v. Snyder*, 8th Dist. No. 94755, 2011-Ohio-1062, 2011 WL 826292. "Clearly parents are entitled to utilize disciplinary measures for their children, however, such discipline must not be of such gravity that it becomes unreasonable in light of the underlying cause." *State v. Ivey*, 98 Ohio App.3d 249, 648 N.E.2d 519 (1994). A determination as to whether particular conduct constitutes proper and reasonable parental discipline must be made from the totality of the circumstances in the case. *Snyder*; *State v. Adaranijo*, 153 Ohio App.3d 266, 792 N.E.2d 1138 (2003).

{¶ 16} In this case, the record reflects that the child was being disciplined by her father for back-talking. Although the City elicited testimony from J.P. that Perna threw J.P. down on the couch three to four times, and covered his daughter's mouth with his hands, all parties admit that J.P. suffered no bruises or lasting injuries. Additionally, Perna argued that he warned his daughter that her continued poor behavior would result in discipline and she chose to ignore him. Perna further argued that he acted only out of an attempt to control his out-of-control teenage daughter. J.P. suffered a soft-tissue injury and wore an ace bandage on and off for two weeks after the incident; however, there was no evidence of substantial harm to the child.

{¶ 17} While we do not condone the use of excessive punishment against any child, the conduct of Perna did not rise to that level. Thus, in view of the facts and circumstances in this case, we find there was insufficient evidence for any rational trier

of fact to conclude Perna's actions were other than proper and reasonable. Upon our review, we find the evidence was insufficient to convict Perna of domestic violence.

{¶ 18} Perna's first and second assignments of error are sustained. We reverse and vacate his conviction for domestic violence. *See Suchomski; Snyder.*

{¶ 19} This cause is vacated and appellant is ordered discharged.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, J., CONCUR